UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: DEBORAH HAMILTON                    CASE NO. 06-11313-DWH

DEBORAH HAMILTON                                          PLAINTIFF

VERSUS                                    ADV. PROC. NO. 10-1061-DWH

GREEN TREE SERVICING, LLC                               DEFENDANT

<u>OPINION</u>

On consideration before the court is an amended motion for partial summary judgment

filed by the plaintiff, Deborah Hamilton, ("Hamilton"); a response to said motion having been

filed by the defendant, Green Tree Servicing, LLC, ("Green Tree"); and the court, having

considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding

pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28

U.S.C. §157(b)(2)(A), (B), (L), and (O).

II.

On May 4, 1995, Hamilton entered into a contract to borrow $10,800.00 to make

improvements to her home. The seller listed on the contract was Silver King Builders, Inc. The

contract provided that Hamilton was to pay 180 monthly installments of $151.14 per month,

which included interest at the rate of 15% per annum. The loan was secured by Hamilton's

residence located at 1110 Jack Avenue, Tunica, MS. The note and security agreement were

assigned initially to Empire Funding Corp., ("Empire Funding"), on May 15, 1995, and then to United Mortgage Capital, LLC, ("UM Capital").

Hamilton filed her voluntary Chapter 13 petition on June 12, 2006. In her Chapter 13 plan, she proposed to pay the second mortgage debt to UM Capital, scheduled in the amount of $9,316.80 at $151.14 per month, the regular mortgage payment, plus a two month arrearage totaling $302.28 at $8.40 per month. UM Capital filed its original proof of claim on August 14, 2006, reflecting that it held a secured claim in the amount of $18,669.11, which included an arrearage of $10,882.08. The name and address listed on the proof of claim to which notices should be sent was: UMLI/UM Capital, LLC, P.O. Box 601012, Charlotte, NC 28260-1012. Hamilton filed an objection to the original proof of claim on September 8, 2006, asserting that she had made all of the required monthly payments to Empire Funding until approximately February, 2000, when she no longer received billing statements. After making an inquiry, Hamilton stated that she was informed that Empire Funding had filed bankruptcy, and that, because of the bankruptcy filing, she should not send payments to Empire Funding. Hamilton indicated that UM Capital first began contacting her about the claim in October, 2005. She contends that the amount set forth in the proof of claim is grossly overstated and filled with improper charges since there was no contact with her for five years. Hamilton was not aware that her note had even been assigned to UM Capital.

Hamilton's objection to UM Capital's claim was sent to the aforementioned address set forth on the proof of claim form. The hearing date and the response deadline were appropriately noticed to UM Capital.

2

Subsequent to the filing of UM Capital's original proof of claim and the objection filed by Hamilton, but prior to the response deadline and the hearing date, UM Capital filed an amended proof of claim reflecting that it held a secured claim in the amount of $19,493.11, which included an arrearage of $11,217.52. Hamilton filed no separate objection to this amended proof of claim.

UM Capital failed to file a response to Hamilton's objection to the original proof of claim. An order was entered granting Hamilton's objection on December 19, 2006, which stated that the "amount owed is the amount claimed in debtor's schedule [$9,316.80] and the proper amounts for the ongoing payment and arrearage are the amounts provided in the debtor's Chapter 13 plan." A copy of this order was served by first class mail on UM Capital.

Since there were no objections to confirmation, Hamilton's Chapter 13 plan was confirmed on May 14, 2007. The Chapter 13 trustee subsequently received a notice from United Mortgage & Loan Investment, LLC, that the claim against Hamilton had been transferred to Green Tree. The payment address given for Green Tree in the transfer notice was P.O. Box 94710, Palatine, IL 60094-4710. The Chapter 13 trustee paid UM Capital through December, 2008, and then began making the plan payments to Green Tree in January, 2009. A notice of the completion of plan payments and a release of wages was filed by the Chapter 13 trustee on November 6, 2009.

On December 14, 2009, the Chapter 13 trustee filed her notice and motion for an order declaring that the long term debt owed to Green Tree was current and that all defaults were cured. The notice and motion were sent to Green Tree at the aforementioned address set forth on

3

the claim transfer notice. An order sustaining this motion was entered on January 8, 2010, since

no response or objection was timely filed.

Hamilton received a letter from the Chapter 13 trustee at the end of her bankruptcy case

that she was to begin making the ongoing payments to Green Tree beginning in December, 2009.

Hamilton received her discharge on March 12, 2010.  Because the dispute about the amount of

the claim erupted again subsequently, Hamilton filed a motion to reopen her case and, thereafter,

initiated this adversary proceeding.

Hamilton alleges in her complaint that she made all of the payments to Green Tree from

December 2009 through May 2010.  She received a monthly billing statement from Green Tree

in May, 2010, reflecting a remaining principal balance of $7,050.92.  She also alleges that Green

Tree charged her loan account improper, unapproved, unauthorized, and unlawful charges not

validated or approved by the court, as well as, that Green Tree misapplied payments made by the

Chapter 13 trustee in disregard of the confirmed Chapter 13 plan.

Green Tree, in its response to the amended motion for partial summary judgment, states

that Hamilton inappropriately bases her complaint on the order entered by the court resolving

Hamilton's objection to the original proof of claim filed by UM Capital. Following this same

theme, Green Tree then asserts that Hamilton never objected to the amended proof of claim filed

by UM Capital. However, Green Tree admits all of the factual events, set forth hereinabove,

concerning the court's entry of the order sustaining Hamilton's objection to UM Capital's

original proof of claim, as well as, the entry of the order sustaining the Chapter 13 trustee's

motion to declare the Green Tree debt current and all defaults cured. Green Tree further admits

that Hamilton made the monthly payments as set forth on the trustee's list of disbursements, but

4

denies that the total monthly payments equaled the amounts set forth in her schedules, or paid the account in full.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

Hamilton's amended motion for partial summary judgment seeks a determination that Green Tree should be held in contempt for violating several court orders, including the order granting Hamilton's objection to UM Capital's claim, the order confirming the Chapter 13 plan, and the order determining that Green Tree's debt was current and all defaults cured. Green Tree's response essentially raises Hamilton's failure to object to the underlined amended proof of claim.

The court is of the opinion that due to the complexities underpinning the factual and legal issues involved in this proceeding, summary judgment cannot be granted. Indeed, there are numerous factual issues remaining in dispute. The court is of the opinion that allowing the parties to proceed to trial to more fully develop the record is the best course of action.

The court would point out that both UM Capital and Green Tree received all of the relevant pleadings, notices, and orders entered by this court in this matter, but elected not to participate in the bankruptcy process. *See, Matter of Howard*, 972 F.2d 639 (5th Cir. 1992) and *In re Simmons*, 765 F.2d 547, 550 (5th Cir. 1985). An interesting quote from the *Howard* decision states "[a] creditor *with notice* that the debtor is *objecting to its claim* must participate in the bankruptcy proceedings to protect its rights." *Matter of Howard*, 972 F.2d at 642. The failure of UM Capital and/or Green Tree to participate may ultimately play a significant role in the outcome of this proceeding. The court also would like to hear Hamilton's explanation as to why she elected not to file an objection to UM Capital's amended proof of claim which differed from the original proof of claim by only $824.00.

6

A separate order will be entered consistent with this opinion.

This the ___19ᵗʰ___ day of January, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE
